IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-894 (SLR) |
| v. | ) ) | |
| AT&T INC., ET AL., | ) ) | |
| Defendants. | ) | |
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-895 (SLR) |
| v. | ) ) | |
| AT&T MOBILITY LLC, | ) ) | |
| Defendant. | ) | |
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-896 (SLR) |
| v. | ) ) | |
| ATLANTIC BROADBAND GROUP LLC, | ) ) | |
| Defendant. | ) | |
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-897 (SLR) |
| v. | ) ) | |
| CABLE ONE INC., | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-899 (SLR) |
| v. | ) ) | |
| CENTURYLINK COMMUNICATIONS, LLC, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-901 (SLR) |
| v. | ) ) | |
| SPRINT CORPORATION, | ) ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-902 (SLR) |
| v. | ) ) | |
| T-MOBILE US INC., | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) ) | C.A. No. 14-903 (SLR) |
| v. | ) ) | |
| UNITED STATES CELLULAR CORPORATION, | ) ) ) | |
| Defendant. | ) | |

**DEFENDANTS' OPENING BRIEF IN SUPPORT OF THEIR MOTION TO DISMISS
PLAINTIFF'S COMPLAINTS FOR FAILURE TO STATE A CLAIM**

MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com
  *Attorneys for Defendants AT&T Inc., AT&T
  Corp., AT&T Mobility LLC and T-Mobile US
  Inc.*


REED SMITH LLP
Brian M. Rostocki (#4599)
1201 N. Market Street, Suite 1500
Wilmington, DE  19801
(302) 778-7500
brostocki@reedsmith.com
  *Attorneys for Defendant CenturyLink
  Communications, LLC*


MORRIS, NICHOLS, ARSHT & TUNNELL LLP
Karen Jacobs (#2881)
Jennifer Ying (#5550)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
jying@mnat.com
  *Attorneys for Defendant Sprint Corporation*

ASHBY & GEDDES
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com
  *Attorneys for Defendants Cable One, Inc. and
  Atlantic Broadband Group LLC*


RICHARDS, LAYTON & FINGER, P.A.
Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
fineman@rlf.com
lester@rlf.com
  *Attorneys for Defendant United States Cellular
  Corporation*

# TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

I.     NATURE AND STAGE OF THE PROCEEDINGS ........................................................1

II.    SUMMARY OF THE ARGUMENT .............................................................................1

III.   STATEMENT OF FACTS ............................................................................................2

IV.   ARGUMENT ................................................................................................................3

      A.     Applicable Legal Standards...........................................................................3

      B.     NCS Has Failed to State a Claim Upon Which Relief May be Granted Because the Complaints Do Not Provide Notice of the Allegedly Infringing Conduct...............................................................................6

      C.     NCS's Placeholder Request for Enhanced Damages Also Should be Dismissed Because NCS Has Alleged No Facts That Could Plausibly Support Such a Claim. ......................................................................8

V.     CONCLUSION .............................................................................................................9

## TABLE OF AUTHORITIES

Page(s)

**CASES**

*Aeritas, LLC v. Alaska Air Group, Inc.*,
    C.A. No. 11-967 (SLR), 2012 WL 4470386 (D. Del. Sept. 28, 2012)....................................9

*Ashcroft v. Iqbal*,
    556 U.S. 662 (2009) ...........................................................................................................4

*Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*,
    No. 609-269, 2010 WL 5175172 (E.D. Tex. Mar. 29, 2010) ..................................................5

*Bell Atlantic Corp. v. Twombly*,
    550 U.S. 544 (2007) ...................................................................................................2, 3, 4

*Boadin Tech., LLC v. Bloomberg LP*,
    C.A. No. 11-802 (RGA), Hr'g Tr. (D. Del. Jan. 17, 2012) .....................................................9

*Clouding IP, LLC v. Amazon.com, Inc.*,
    C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS),
    2013 WL 2293452 (D. Del. May 24, 2013) ...........................................................................5

*Eidos Commc'ns, LLC v. Skype Techs. SA*,
    686 F. Supp. 2d 465 (D. Del. 2010) ...........................................................................4, 5, 6, 7

*Fifth Mkt., Inc. v. CME Grp., Inc.*,
    C.A. No. 08-520 (GMS), 2009 WL 5966836 (D. Del. May 14, 2009) ...............................5, 6

*Fowler v. UPMC Shadyside*,
    578 F.3d 203 (3d Cir. 2009) ...............................................................................................3

*In re Bill of Lading Transmission & Processing Sys. Patent Litig.*,
    681 F.3d 1323 (Fed. Cir. 2012)............................................................................................3

*In re Seagate*,
    497 F.3d 1360 (Fed. Cir. 2007).........................................................................................8, 9

*K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*,
    714 F.3d 1277 (Fed. Cir. 2013).............................................................................................5

*McZeal v. Sprint Nextel Corp.*,
    501 F.3d 1354 (Fed. Cir. 2007).........................................................................................3, 4

*Monec Holding AG v. Motorola Mobility, Inc.*,
    897 F. Supp. 2d 225 (D. Del. 2012) ......................................................................................9

*Oakley, Inc. v. 5.11, Inc.,*
    No. 11-2173, 2012 WL 1327796 (S.D. Cal. Apr. 17, 2012) ...................................................5

*Online News Link LLC v. Netflix Inc.,*
    C.A. No. 13-1438 (RGA), D.I. 19, (D. Del. Dec. 3, 2013) ...................................................7

*Parallel Iron LLC v. Accenture Inc.,*
    C.A. No. 12-917 (RGA), D.I. 14, (D. Del. Nov. 9, 2012) .......................................................8

*Softview LLC v. Apple Inc.,*
    C.A. No. 10-389 (LPS), 2012 WL 3061027 (D. Del. July 26, 2012) .....................................9

*St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.,*
    C.A. No. 10-982 (LPS), 2011 WL 4571812 (D. Del. Sept. 30, 2011)....................................8

*USX Corp. v. Barnhart,*
    395 F.3d 161 (3d Cir. 2004) ..................................................................................................8

*XPoint Techs., Inc. v. Microsoft Corp.,*
    730 F. Supp. 2d 349 (D. Del. 2010) ......................................................................................4

## STATUTES

35 U.S.C. § 285..............................................................................................................3, 8

## RULES

Fed. R. Civ. P. 8....................................................................................................2, 3, 4, 8

Fed. R. Civ. P. 12(b)(6)..........................................................................................................2, 9

## I.      NATURE AND STAGE OF THE PROCEEDINGS

On July 9, 2014, Plaintiff Network Congestion Solutions, LLC ("Plaintiff" or "NCS") filed a series of near-identical actions against defendants including Atlantic Broadband Group, LLC ("Atlantic"); AT&T Corp., AT&T Inc. and AT&T Mobility LLC (collectively, "AT&T"); Cable One Inc. ("Cable One"); CenturyLink Communications, LLC ("CenturyLink"); Sprint Corporation ("Sprint"); T-Mobile US Inc. ("T-Mobile"); and United States Cellular Corporation ("USCC") (collectively, "Defendants"), alleging infringement of U.S. Patent No. 6,826,620 ("the '620 Patent"). *See, e.g.,* C.A. 14-901, D.I. 1.[1]

Defendants have moved to dismiss NCS's allegations of direct infringement, and its request for enhanced damages, for failure to state a claim. This is Defendants' Opening Brief in support of that motion.

## II.     SUMMARY OF THE ARGUMENT

The Complaints should be dismissed for failure to meet even the barebones pleading requirements of Form 18 for patent infringement because they provide no notice of the specific conduct accused of infringement. Rather than identify any allegedly infringing product, service or method for each Defendant, NCS simply repeats in each Complaint the same generic allegation of direct infringement of "at least Claim 1 of the '620 patent" by "practicing infringing methods." *See, e.g.,* D.I. 1, ¶ 12. Those "infringing methods" are alleged as "including, but not limited to . . . Defendant's practices in conjunction with network congestion management." *Id.* By merely referring generically to the completely undefined but undeniably vast technology area

---

[1]     Because the Complaints are substantially identical other than the identification of the named Defendant(s), unless otherwise noted, all docket citations are to C.A. No. 14-901.

of "network congestion management," NCS provides no notice of any actual method alleged to infringe.

Such boilerplate allegations do not satisfy NCS's obligation to provide each Defendant with "fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (ellipsis in original) (internal quotation marks omitted).   Therefore, the Complaints should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

NCS's placeholder request for enhanced damages should also be dismissed for failure to satisfy the pleading standards under Rule 8.   Nowhere in the Complaints does NCS allege any facts to support a finding of enhanced damages against any Defendant.   Indeed, the only mention of such a request appears in the Prayer for Relief. *See, e.g.,* D.I. 1 at 4, ¶ (e).   NCS should not be permitted to use such a placeholder request, unsupported by any factual allegations whatsoever, to potentially expand the scope of the cases.

## III.    STATEMENT OF FACTS

The '620 Patent is entitled "Network Congestion Control System and Method." To support its claim of direct infringement against Defendants, each of the Complaints recites only a single allegation that is nearly identical to the title of the '620 Patent:

> 11.     Defendant has, and continues to, directly infringe one or more claims of the '620 patent in this judicial district and elsewhere in the United States.
>
> 12.     In particular, Defendant has, and continues to, infringe at least claim 1 of the '620 patent by, among other things practicing infringing methods including, but not limited to, *Defendant's practices in conjunction with network congestion management*.

*See, e.g.,* D.I. 1, ¶¶ 11-12 (emphasis added).   Nowhere in the Complaints does NCS identify which "practices" of each Defendant purportedly infringe the '620 Patent.   Rather, NCS makes

the allegation that each Defendant infringes the '620 Patent "by practicing infringing methods." *Id.*, ¶ 12.  It then gives as a non-limiting example unidentified "practices" that purportedly work "in conjunction with network congestion management" (*id.*), again merely paraphrasing the '620 Patent's title.  NCS does not identify any means of addressing network congestion purportedly falling within the scope of the '620 Patent.  Nor does it identify any product or service of any Defendant that pertains to the method, leaving Defendants to guess what is at issue.

Furthermore, in its Prayer for Relief, NCS requests that the Court "[f]ind this case exceptional under the provisions of 35 U.S.C. § 285 and award enhanced damages."  *See, e.g.*, D.I. 1 at 4, ¶ (e).  Nowhere in the Complaints, however, does NCS allege any facts to support a basis for awarding enhanced damages.  Indeed, the Complaints do not even recite a claim for willfulness; nor do they allege any facts that would support a finding of willfulness or enhanced damages as to any Defendant.

## IV.   ARGUMENT

### A.   Applicable Legal Standards

Motions to dismiss for failure to state a claim are governed by regional circuit law.  *In re Bill of Lading Transmission & Processing Sys. Patent Litig.*, 681 F.3d 1323, 1331 (Fed. Cir. 2012).  "The central issue is whether, in the light most favorable to the plaintiff, the complaint states a valid claim for relief."  *McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1356 (Fed. Cir. 2007) (internal quotation marks omitted); *see also Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009) ("To prevent dismissal, all civil complaints must now set out 'sufficient factual matter' to show that the claim is facially plausible.").  Under Federal Rule of Civil Procedure 8, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests."  *Twombly*, 550 U.S. at 555 (omission in original)

(internal quotation marks omitted) (interpreting Rule 8); *see also Ashcroft v. Iqbal,* 556 U.S. 662, 684-85 (2009) (applying *Twombly* to civil actions pleaded under Rule 8).

Although "detailed factual allegations" are not required, a complaint must allege "sufficient factual matter, accepted as true, to state a claim that is plausible on its face." *Iqbal,* 556 U.S. at 678 (internal quotation marks omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). That determination is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

In the patent context, a patentee must "plead facts sufficient to place the alleged infringer on notice as to what he must defend." *McZeal*, 501 F.3d at 1357 (citing *Twombly*, 550 U.S. at 565 n.10). In determining whether a complaint alleging direct patent infringement is sufficiently pleaded, courts in this District have applied the Federal Circuit standard set forth in *McZeal*, which, like Form 18, requires a plaintiff alleging direct infringement to provide the following:

> (1) an allegation of jurisdiction; (2) a statement that the plaintiff owns the patent; (3) a statement that defendant has been infringing the patent by making, selling, and using [the device] embodying the patent;  (4) a statement that the plaintiff has given the defendant notice of its infringement; and (5) a demand for an injunction and damages.

*Eidos Commc'ns, LLC v. Skype Techs. SA*, 686 F. Supp. 2d 465, 467 (D. Del. 2010) (alteration in original) (internal quotation marks omitted).

Under that standard, however, a patentee must do more than allege that a defendant infringes by "'making, using, selling, and/or offering for sale products and methods covered by the claims of' the patents-in-suit." *XPoint Techs., Inc. v. Microsoft Corp.*, 730 F.

Supp. 2d 349, 353-54 (D. Del. 2010) (quoting *Fifth Mkt., Inc. v. CME Grp., Inc.*, C.A. No. 08-520 (GMS), 2009 WL 5966836, at *1 (D. Del. May 14, 2009)).   A patentee must specify "whether [it is] targeting either a product or a method" and is "obligated to specify, at a minimum, a general class of products or a general identification of the alleged infringing methods." *Eidos*, 686 F. Supp. 2d at 467.   Although Form 18 does not require "that a plaintiff identify an accused device by name," *K-Tech Telecomms., Inc. v. Time Warner Cable, Inc.*, 714 F.3d 1277, 1286 (Fed. Cir. 2013), it does require an identification of "a general category of products." *Clouding IP, LLC v. Amazon.com, Inc.*, C.A. Nos. 12-641 (LPS), 12-642 (LPS), 12-675 (LPS), 2013 WL 2293452, at *2 (D. Del. May 24, 2013).

This Court and others have held that where a complaint alleges infringement by unspecified services or methods, it is legally insufficient to meet the required pleading standards. *See Eidos*, 686 F. Supp. 2d at 467, 469 (dismissing claims for direct infringement where the plaintiffs alleged the defendants' "communication system products and/or methodologies" infringed because "no category of product (or general identification of a process or method) [was] identified"); *see also Oakley, Inc. v. 5.11, Inc.*, No. 11-2173, 2012 WL 1327796, at *3 (S.D. Cal. Apr. 17, 2012) (granting motion to dismiss because the complaint only alleged the defendant's infringing products were "eyewear," and the defendant had many models of eyewear); *Bedrock Computer Techs., LLC v. Softlayer Techs., Inc.*, No. 609-269, 2010 WL 5175172, at *1, 3 (E.D. Tex. Mar. 29, 2010) (granting motion to dismiss direct infringement claims because the complaint only alleged that the defendant was infringing the patent and failed to identify "any accused products, services, or methods or other infringing acts for the patent-in-suit").

- 5 -

In *Eidos*, for example, this Court granted a motion to dismiss where the plaintiffs alleged that "the technology at issue generally involves a communication system that employs products and/or methodologies to allow for the transmission and/or control of digitized voice data, as well as to allow for the transmission and/or control of message data, in communications applications such as, and by way of example only, messaging and telephony." 686 F. Supp. 2d at 466 (internal quotation marks omitted). This Court held that the "complaint at bar does not specify a product or method at all," as it gives only "examples of large technology areas, not genres of products." *Id.* at 468. The Court also noted that the plaintiffs failed to "settl[e] conclusively on whether they are targeting either a product or a method," and explained that the plaintiffs' use of "conditional language" "ha[d] not guided the course of discovery." *Id.* at 467, 469.

Similarly, in *Fifth Market*, Judge Sleet dismissed a patent infringement complaint that attempted to define the defendants' accused products by referring only to the claims of the patent-in-suit. 2009 WL 5966836, at *1. He noted that none of the claims in the complaint "contain any reference to a single infringing product or method. . . . Therefore, [the] complaint fails to provide the . . . defendants with fair notice of the claims and grounds for their entitlement to relief, and the court will grant the . . . motion to dismiss." *Id.*

**B.     NCS Has Failed to State a Claim Upon Which Relief May be Granted Because the Complaints Do Not Provide Notice of the Allegedly Infringing Conduct**

Here, the Complaints should be dismissed because they provide no notice of the allegedly infringing conduct, and instead, at best, refer only to a broad and undefined field of technology – "network congestion management." Not surprisingly, the patent applicants did not purport to be the first to discover the problem of network congestion management; nor did they

purport to have a monopoly on any and all methods to alleviate congestion in a communications network. *See generally* '620 Patent (Background of Invention, col. 1, l. 25 – col. 5, l. 63).

NCS's sole allegation of infringement in each Complaint is: "Defendant has, and continues to, infringe claim 1 of the '620 patent by, among other things practicing infringing methods including, but not limited to, Defendant's practices in conjunction with network congestion management." D.I. 1, ¶ 12. That allegation is a mere paraphrase of the words from the title of the '620 Patent, "Network Congestion Control System and Method" (*see* '620 Patent), as well as NCS's own name. As in *Eidos*, such allegations do not provide any Defendant with meaningful notice of which "practices" (e.g., services or products) are actually accused of infringement. The Complaints do not specify as to any Defendant "a general class of products or a general identification of the alleged infringing methods" (*Eidos*, 686 F. Supp. 2d at 467), but rather, at best, identify only a broad and undefined field of technology, far beyond the scope of any claimed invention of the '620 Patent.

Indeed, just as in *Fifth Market*, the Complaints are circular, attempting to define a Defendants' accused services or methods by using the patent's title and patent claim alleged to be infringed. *Compare* '620 Patent, title ("Network Congestion Control System and Method"), *and id.* at Claim 1 ("A method for alleviating congestion in a communication network . . . ."), *with* D.I. 1, ¶ 12 ("Defendant has, and continues to, infringe claim 1 of the '620 patent by, among other things practicing infringing methods including, but not limited to, Defendant's practices in conjunction with network congestion management."). Defendants thus have been given no notice of which, if any, of their respective "practices" are accused of infringement. Nor does NCS identify any products or services of Defendants in the Complaints that relate to the accused methods, let alone any that allegedly infringes the '620 Patent. *See, e.g., Online News Link LLC*

*v. Netflix Inc.*, C.A. No. 13-1438 (RGA), D.I. 19, Order at 1 (D. Del. Dec. 3, 2013) (Ex. A) (dismissing direct infringement allegations where "Plaintiff has not met the [pleading] standard, as the accused system is described essentially as a system that infringes the patent."); *Parallel Iron LLC v. Accenture Inc.*, C.A. No. 12-917 (RGA), D.I. 14, Order at 1-2 (D. Del. Nov. 9, 2012) (Ex. B) (dismissing direct infringement allegations where complaint "identifies no product or service that [the accused infringer] sells, uses, etc."); *cf. St. Clair Intellectual Prop. Consultants, Inc. v. Apple Inc.*, C.A. No. 10-982 (LPS), 2011 WL 4571812, at *3 (D. Del. Sept. 30, 2011) (distinguishing *Fifth Market* because the plaintiff identified several of the defendant's products within the fact section of the complaint).

Because the Complaints do not put any Defendant on notice of the methods or services accused of infringement, Defendants' motion to dismiss should be granted.

### C.    NCS's Placeholder Request for Enhanced Damages Also Should be Dismissed Because NCS Has Alleged No Facts That Could Plausibly Support Such a Claim.

Similarly, NCS's placeholder request for enhanced damages under 35 U.S.C. § 285 should be dismissed for failing to meet the pleading requirements of Rule 8.  Nowhere in the Complaints does NCS allege any facts to support a finding of willful infringement, a prerequisite for awarding enhanced damages.  *See In re Seagate*, 497 F.3d 1360, 1368 (Fed. Cir. 2007) ("Absent a statutory guide, we have held that an award of enhanced damages requires a showing of willful infringement.").  As such, NCS's placeholder request for enhanced damages should be dismissed for failure to state a claim.  *See USX Corp. v. Barnhart*, 395 F.3d 161, 166 (3d Cir. 2004) ("[T]he court cannot provide a remedy, even if one is demanded, when plaintiff has failed to set out a claim for relief." (internal quotation marks omitted)).

In particular, willful infringement requires pre-suit knowledge of the asserted patent and pre-litigation conduct.  *See Seagate*, 497 F.3d at 1371, 1374 ("[A] willfulness claim

asserted in the original complaint must necessarily be grounded exclusively in the accused infringer's pre-filing conduct."); *see also Softview LLC v. Apple Inc.*, C.A. No. 10-389 (LPS), 2012 WL 3061027, at \*8 (D. Del. July 26, 2012) ("Seagate implies that willful infringement allegations based only on post-filing conduct are inadequate."); *Monec Holding AG v. Motorola Mobility, Inc.*, 897 F. Supp. 2d 225, 236 (D. Del. 2012) ("[F]ailure to sufficiently plead" pre-suit knowledge of the patent-in-suit is "fatal to [plaintiff's] claim for willful infringement.").

Here, NCS makes no allegation that any Defendant actually had knowledge of the '620 Patent, nor does it allege any facts from which any pre-suit knowledge could be inferred. Furthermore, "the burden to prove willfulness includes more than mere knowledge of the patent." *Aeritas*, *LLC v. Alaska Air Group, Inc.*, C.A. No. 11-967 (SLR), 2012 WL 4470386, at \*4 (D. Del. Sept. 28, 2012). The Complaints, however, do not – and NCS cannot – allege that any Defendant "acted despite an objectively high likelihood that its actions constituted infringement of a valid patent," or that it "knew or should have known that their actions constituted infringement of a valid patent." *Seagate,* 497 F.3d at 1371. *See also Boadin Tech., LLC v. Bloomberg LP,* C.A. No. 11-802 (RGA), Hr'g Tr. 23:24-24:3, D.I. 31 (D. Del. Jan. 17, 2012) (Ex. C) ("So when the claim for relief doesn't show any basis for the demand for relief, the part of the demand for the relief that is not connected to any claim for relief should be, in my opinion, dismissed for failure to state a claim upon which relief can be granted.").

Because the Complaints are completely devoid of factual allegations to support a claim for enhanced damages as to any Defendant, NCS's attempt to expand the scope of the case with its placeholder request for enhanced damages should be rejected.

## V.    CONCLUSION

For the foregoing reasons, Defendants respectfully request that the Court dismiss the Complaints pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jack B. Blumenfeld
Jack B. Blumenfeld (#1014)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
jblumenfeld@mnat.com

*Attorneys for Defendants AT&T Inc., AT&T
Corp., AT&T Mobility LLC and T-Mobile
US Inc.*

*Of Counsel:*

Christopher W. Kennerly
Lindsay M. White
PAUL HASTINGS LLP
1117 S. California Avenue
Palo Alto, CA  94304
(650) 320-1800

*Attorneys for Defendants AT&T Inc., AT&T
Corp., and AT&T Mobility LLC*

ASHBY & GEDDES

/s/ Lauren E. Maguire
Steven J. Balick (#2114)
Lauren E. Maguire (#4261)
Andrew C. Mayo (#5207)
500 Delaware Avenue, 8th Floor
P.O. Box 1150
Wilmington, DE  19899
(302) 654-1888
sbalick@ashby-geddes.com
lmaguire@ashby-geddes.com

*Of Counsel:*

Mitchell D. Lukin
Robinson Vu
BAKER BOTTS LLP
One Shell Plaza
910 Louisiana Street
Houston, TX  77002-4995
(713) 229-1234

*Attorneys for Defendants Cable One, Inc. and
Atlantic Broadband Group LLC*

REED SMITH LLP

/s/ Brian M. Rostocki
Brian M. Rostocki (#4599)
1201 N. Market Street, Suite 1500
Wilmington, DE  19801
(302) 778-7500
brostocki@reedsmith.com

Of Counsel:

Brian D. Roche
Jennifer Y. DePriest
Keyonn L. Pope
10 South Wacker Drive, 40th Floor
Chicago, IL  60606
(312) 207-1000
broche@reedsmith.com
jdepriest@reedsmith.com
kpope@reedsmith.com

Attorneys for Defendant CenturyLink
Communications, LLC

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

/s/ Jennifer Ying
Karen Jacobs (#2881)
Jennifer Ying (#5550)
1201 N. Market Street
P.O. Box 1347
Wilmington, DE  19899-1347
(302) 658-9200
kjacobs@mnat.com
jying@mnat.com

Attorneys for Defendant Sprint Corporation


September 18, 2014

8524822

RICHARDS, LAYTON & FINGER, P.A.

/s/ Steven J. Fineman
Steven J. Fineman (#4025)
Katharine C. Lester (#5629)
One Rodney Square
920 North King Street
Wilmington, DE  19801
(302) 651-7700
fineman@rlf.com
lester@rlf.com

Of Counsel:

Richard J. O'Brien
Douglas I. Lewis
Robert D. Leighton
Jessica Johnson
SIDLEY AUSTIN LLP
One South Dearborn
Chicago, IL  60603
(312) 853-7000

Attorneys for Defendant United States Cellular
Corporation

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 18, 2014, I caused the foregoing to be electronically filed with the Clerk of the Court using CM/ECF, which will send notification of such filing to all registered participants.

I further certify that I caused copies of the foregoing document to be served on September 18, 2014, upon the following in the manner indicated:

Timothy Devlin                                                   *VIA ELECTRONIC MAIL*
DEVLIN LAW FIRM LLC
1220 N. Market Street, Suite 850
Wilmington, DE  19801
tdevlin@devlinlawfirm.com

Timothy E. Grochocinski                                   *VIA ELECTRONIC MAIL*
Joseph P. Oldaker
INNOVALAW, P.C.
1900 Ravinia Place
Orland Park, IL  60462
teg@innovalaw.com
joldaker@innovalaw.com

*/s/ Jennifer Ying*
_____
Jennifer Ying (#5550)