IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-894-SLR |
| AT&T INC., ET AL., | ) ) | |
| Defendants. | ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-895-SLR |
| AT&T MOBILITY LLC, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-896-SLR |
| ATLANTIC BROADBAND GROUP LLC, | ) ) | |
| Defendant. | ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-897-SLR |
| CABLE ONE INC., | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-898-SLR |
| CSC HOLDINGS LLC, | ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-899-SLR |
| CENTURYLINK COMMUNICATIONS, LLC, | ) ) ) ) | |
| Defendant. | ) ) | |

| | | |
|---|---|---|
| NETWORK CONGESTION SOLUTIONS, LLC, | ) ) ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | Civ. No. 14-901-SLR |
| SPRINT CORPORATION, | ) ) ) | |
| Defendant. | ) ) | |

NETWORK CONGESTION SOLUTIONS,   )
LLC,                             )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    Civ. No. 14-902-SLR
                                 )
T-MOBILE US INC.,                )
                                 )
        Defendant.               )

NETWORK CONGESTION SOLUTIONS,    )
LLC,                             )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    Civ. No. 14-903-SLR
                                 )
UNITED STATES CELLULAR           )
CORPORATION                      )
                                 )
        Defendant.               )

NETWORK CONGESTION SOLUTIONS,    )
LLC,                             )
                                 )
        Plaintiff,               )
                                 )
    v.                           )    Civ. No. 14-904-SLR
                                 )
WIDEOPENWEST FINANCE, LLC,       )
                                 )
        Defendant.               )

**MEMORANDUM**

At Wilmington this 4th day of June, 2015, having reviewed defendants' motions[1]

to dismiss the complaint for failure to state a claim (D.I. 11),[2] and the papers filed in

---

[1] The corresponding motions are: Civ. No. 14-895, D.I. 10; Civ. No. 14-896, D.I. 9; Civ. No. 14-897, D.I. 9; Civ. No. 14-898, D.I. 13; Civ. No. 14-899, D.I. 9; Civ. No. 14-901, D.I. 10; Civ. No. 14-902, D.I. 9; Civ. No. 14-903, D.I. 10; Civ. No. 14-904, D.I. 11.

connection therewith; defendants' motions to dismiss plaintiff's claims of patent infringement shall be denied, consistent with the reasons that follow:

1. **Background.** On July 9, 2014, plaintiff Network Congestion Solutions, LLC ("plaintiff") filed the following actions against defendants AT&T Corp. and AT&T Inc. ("AT&T") (D.I. 1); AT&T Mobility LLC ("Mobility") (Civ. No. 14-895, D.I. 1); Atlantic Broadband Group, LLC ("Atlantic") (Civ. No. 14-896, D.I. 1); Cable One Inc. ("Cable One") (Civ. No. 14-897, D.I. 1); CSC Holdings, LLC ("CSC") (Civ. No. 14-898, D.I. 1); CenturyLink Communications, LLC ("CenturyLink") (Civ. No. 14-899, D.I. 1); Sprint Corporation ("Sprint") (Civ. No. 14-901, D.I. 1); T-Mobile US Inc. ("T-Mobile") (Civ. No. 14-902, D.I. 1); United States Cellular Corp. ("USCC") (Civ. No. 14-903, D.I. 1); and WideOpenWest Finance, LLC ("WOW") (Civ. No. 14-904, D.I. 1) (collectively, "defendants"), alleging infringement of U.S. Patent No. 6,826,620 ("the '620 patent"). The '620 patent is drawn to a "Network Congestion Control System and Method." (D.I. 1, ¶ 9) The court has jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1338(a).

2. **Standard.** A motion filed under Federal Rule of Civil Procedure 12(b)(6) tests the sufficiency of a complaint's factual allegations. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir. 1993). A complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief, in order to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Twombly*, 550 U.S. at 545 (internal quotation marks omitted) (interpreting Fed. R. Civ. P. 8(a)). Consistent with the Supreme Court's rulings in *Twombly* and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the Third Circuit requires a two-

---

[2] All references are to Civ. No. 14-894 unless otherwise indicated.

part analysis when reviewing a Rule 12(b)(6) motion. *Edwards v. A.H. Cornell & Son, Inc.*, 610 F.3d 217, 219 (3d Cir. 2010); *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, a court should separate the factual and legal elements of a claim, accepting the facts and disregarding the legal conclusions. *Fowler*, 578 F.3d. at 210-11. Second, a court should determine whether the remaining well-pled facts sufficiently show that the plaintiff "has a 'plausible claim for relief.'" *Id.* at 211 (quoting *Iqbal*, 556 U.S. at 679). As part of the analysis, a court must accept all well-pleaded factual allegations in the complaint as true, and view them in the light most favorable to the plaintiff. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *Christopher v. Harbury*, 536 U.S. 403, 406 (2002); *Phillips v. Cnty. of Allegheny*, 515 F.3d 224, 231 (3d Cir. 2008). In this regard, a court may consider the pleadings, public record, orders, exhibits attached to the complaint, and documents incorporated into the complaint by reference. *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007); *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1384-85 n.2 (3d Cir. 1994).

3. The court's determination is not whether the non-moving party "will ultimately prevail" but whether that party is "entitled to offer evidence to support the claims." *United States ex rel. Wilkins v. United Health Grp., Inc.*, 659 F.3d 295, 302 (3d Cir. 2011). This "does not impose a probability requirement at the pleading stage," but instead "simply calls for enough facts to raise a reasonable expectation that discovery will reveal evidence of [the necessary element]." *Phillips*, 515 F.3d at 234 (quoting *Twombly*, 550 U.S. at 556). The court's analysis is a context-specific task requiring the court "to draw on its judicial experience and common sense." *Iqbal*, 556 U.S. at 663-64.

3

4. **Analysis.** At the pleading stage in a patent case, the Federal Circuit has held that the information required by Federal Rule Civil Procedure Form 18 constitutes adequate notice to pass the *Twombly* standard. *See McZeal v. Sprint Nextel Corp.*, 501 F.3d 1354, 1357 (Fed. Cir. 2007). Form 18 uses, for example, an allegation that defendant infringes by "making, selling, and using electric motors that embody the patented invention," with no further detail regarding said motors provided by the example. Fed. R. Civ. Pro. Form 18.

5. Claim 1 of the '620 patent is a method claim,³ not a product or a service sold to consumers and available for public inspection by plaintiff. As I understand it, the accused "network congestion management practices" are instead used by defendants internally to provide better service to their customers. A rational query is whether there is any way for a patent holder, such as plaintiff, to present – in a complaint – the kind of factual detail defendants suggest is required under the *Iqbal/Twombly* standard. Drawing on my judicial experience and common sense, I would say "no." Indeed, if the practices identified by plaintiff operate through defendants' proprietary software, then it is reasonable to conclude that the notice requirements have been met, based on the quantity and quality of publicly available information. To follow defendants' reasoning

---

³ Claim 1 states:

> A method for alleviating congestion in a communication network, the communication network enabling the flow of data to and from a plurality of end user devices that are connected to the network through a plurality of communication devices, the method comprising the steps of:
> monitoring data flows to and from the plurality of end user devices for indications of congestion; and
> controlling the data rate of at least one end user device in response to said congestion indications.

(D.I. 1. ex. 1 at 14)

4

would deny an entire class of patent holders the opportunity to even get before a court to test the strength of their intellectual property rights through discovery, let alone to enforce such rights.

6. Of the cases cited by the parties, the fact pattern in *Eidos Communications, LLC v. Skype Technologies SA*, 686 F. Supp. 2d 464 (D. Del. 2010), is most analogous. In *Eidos*, plaintiffs alleged in the complaint that defendants produced, offered for sale, sold, and/or imported "communication system products and/or methodologies that infringe one or more claims" of each asserted patent. Although there was a general discussion of the technology at issue in the background portion of the complaint, no specific products or methodologies were identified in the infringement counts of the complaint. In their responsive papers, however, plaintiffs provided more specific information about the single software product that defendants offered for download on their website and how that product worked. Rather than dismissing the complaint, the court concluded, on the record generated through the motion practice, that "Rule 8 require[d] plaintiffs to provide more information," at least the information included in their responsive papers. *Id.* at 469. Plaintiffs were ordered to amend their complaint, or face dismissal of their action.

7. **Conclusion.** Plaintiff at bar also has provided more information in its responsive papers,[4] at least identifying what publically available information formed the basis of its infringement allegations. Under the law as it currently stands,[5] defendants'

---

[4] *See* (D.I. 13 at 4-10; Civ. No. 14-898, D.I. 15 at 3-4) (outlining information regarding defendants' alleged infringing network congestion management practices).
[5] The overarching issue of whether inventions expressed through software should have been patented in the first instance is being reexamined on a national level and is not before the court presently. Therefore, so long as the patents being asserted are presumptively valid, and so long as Form 18 still provides presumptively sufficient notice, then the outcome of the instant motion practice should balance the notice

5

motions to dismiss are denied without prejudice to renew if plaintiff fails to amend the complaints at issue consistent with the above and with its responsive papers. An order shall issue.

／s／ _____
United States District Judge

---

requirements under *Iqbal/Twombly* with the challenges associated with software patents.